Dear Mr. Celles:
This office is in receipt of your request for an opinion, on behalf of the Board of Commissioners of the Natchitoches Parish Hospital Service District (the "District"), with respect to a Cooperative Endeavor Agreement (the "CEA") between the District and Christus Health Central Louisiana ("Christus"). According to your correspondence, the CEA is "for the purpose of providing expanded and improved hospital and related health care services to persons residing in Natchitoches Parish and its neighboring parishes". In accordance with your letter dated November 18, 2004, addressed to the undersigned, it is our understanding that the CEA contemplates no transfer of the assets of the District, or control of the assets of the District whatsoever, and that the CEA has been established to provide for the management of the hospital, without supplanting the hospital service district in any way.
Specifically, you pose the following question for our review:
 "May a parish service district hospital enter into a cooperative endeavor agreement (CEA) with a private, non — profit hospital for the purpose of providing expanded and improved hospital and related health care services to persons residing in Natchitoches and its neighboring parishes?"
Attorney General's Opinion No. 95-173 addressed a question virtually identical to that posed in your request. That opinion did address an agreement referred to as a "joint venture", however, the reasoning set forth therein would apply equally to your agreement, styled a "cooperative endeavor". Pertinently, Opinion No. 95:173 states:
 "LSA-R.S. 46:1077 empowers the hospital service district to enter into such a joint venture, and provides:
 "In addition to the powers and duties otherwise provided and notwithstanding any other law to the contrary, the board of commissioners of a hospital service district and any corporation or health facility owned or operated by such district or commission may contract with or engage in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell any hospital health service. A hospital service district commission contracting with or engaging in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell a hospital health service shall be presumed to be engaged in a cooperative endeavor as provided by Article VII, Section 14(C) of the Constitution of Louisiana. The commission shall be further presumed to have entered into such contract for the purpose of obtaining a tangible benefit and for a public purpose, and such contract shall not be presumed to be a donation in contravention of Article VII, Section 14(A) of the Constitution of Louisiana. The provisions of this Section shall no apply to any facility of the charity hospital system of the state of Louisiana."
With regard to hospital service district boundaries, we refer your attention to enclosed Attorney General Opinion 92-219. Therein, the author concluded:
 "LSA-R.S. 46:1077 provides authority for the board of commissioners of a hospital service district to contract with or engage in a joint venture or cooperative endeavor with virtually any entity, to offer, provide, promote, establish, or sell a hospital health service. . . . Such action can be taken by the board of commissioners of the district without the participation of the police jury. By such action, a district may extend services into an area outside its boundaries through a cooperative endeavor with another entity and, by this means, lease space outside of its boundaries and provide for the management and operation of such leased space. . . . In summary, boundaries of the district may be altered, even to the extent that they overlap other hospital service districts, by the police jury, or the board of commissioners may enter into a wide range of agreements with other entities to provide health services outside of the district's boundaries. However, the hospital service district's board of commissioners may not, on its own, extend its services into an area outside its boundaries." (Emphasis added).
In accordance with Attorney General's Opinion No. 95-173, it is the opinion of this office that a parish service district hospital can enter into a cooperative endeavor agreement with a private, non-profit hospital for the purpose of providing expanded and improved hospital and related health care services to persons residing in Natchitoches Parish and its neighboring parishes.
As your letter notes, LSA-R.S. 40:2215.11 et seq., is applicable to the "acquisition" of "ownership or a controlling interest in a not-for-profit hospital". Upon receipt of a proper application filed under those provisions the Attorney General is mandated to conduct a complete review of the proposed acquisition in accordance with the requirements imposed upon us, and the criteria set forth therein. [See: LSA-R.S. 40:2115.13 and 40:2115.16A7A(1)].
In this instance, it is your position that "the CEA contemplates no asset transfer at all, and law prevents the transfer of a hospital service district hospital without a referendum." You have not requested an opinion regarding LSA-R.S. 40:2215.11 et seq., and no opinion with respect to the applicability of those provisions of law is expressed herein.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: _________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam
xc: John Stassi
Graves Theus